OPINION OF THE COURT
Vincent R. Balletta, J.
In this proceeding pursuant to CPLR article 78, the petitioners seek to have the consent order of February 11, 1981, which was entered into between respondent New York State Department of Environmental Conservation (hereinafter referred to as DEC) and respondent Applied Environmental Services, Inc. (hereinafter referred to as Applied), annulled.
Respondent Applied entered into the subject consent order and was permitted to operate a hazardous waste facility at Glenwood Landing, New York, on condition that it meet a schedule of compliances for the facility. Certain items on the schedule were to be completed immediately. The last item of compliance was scheduled for completion on January 1, 1982. By letter dated May 26, 1981, respondent Applied requested an across-the-board, three-month extension on the items in the consent order. By petition *955 dated June 3, 1981, this proceeding to annul the consent order was commenced against DEC by the Town of North Hempstead. By order of Justice Burke, the Town of Oyster Bay was given leave to intervene, and Applied was joined as a party respondent pursuant to CPLR 1001 (subd [a]).
The petitioners allege that DEC had no right to enter into and issue the consent order and that in so doing, said respondent violated ECL 27-1105 and 6 NYCRR 360.2 (b).
With respect to ECL 27-1105, the petitioners allege that said section requires that a certificate of environmental safety and public interest be issued by a facility siting board before any person may operate a new industrial waste facility. Petitioners allege that respondent Applied is operating an extremely hazardous waste facility without having received the necessary certification and that respondent DEC is permitting this to continue by having issued the consent order.
Respondent DEC denies that it is violating ECL 27-1105, alleging that the statute requires the certification only for a new facility and not for one that has been continuously operated. Respondent alleges that respondent Applied is continuing an operation which was begun several years before.
In examining this statute, it is clear that said statute is applicable only to new construction or new operations, and not to continuing operations. Therefore, on the papers submitted, were this the only issue, the court could not determine this matter without first making a determination as to whether this is or is not a continuing operation. However, this is not the only objection, and the court now turns to the petitioners’ assertions that DEC’s rules have been violated.
A solid waste management facility was defined in DEC’s rules (6 NYCRR 360.1 [c] [29] [former]) as: “any facility employed beyond the initial solid waste collection process, including, but not limited to: transfer stations; baling facilities; rail-haul or barge-haul facilities; processing facilities, including resource recovery equipment or other facilities to reduce or alter the volume, chemical or physical characteristics of solid waste; sanitary landfills; plants *956 and facilities for composting, compacting or pyrolization of solid wastes; incinerators; secure landburial facilities; industrial waste processing or disposal facilities; and storage areas associated with any of the foregoing.”
. In this regard, the court notes that respondent Applied has, in its answer, admitted it “receives and temporarily stores hazardous waste and blends some of said waste into an alternate fuel produce for sale”. Clearly, therefore, Applied is operating a solid waste management facility.
Furthermore, subdivision (b) of section 360.2 of the DEC’s rules (6 NYCRR 360.2 [b]) states: “Permit requirements. Except pursuant to section 360.1 (e) and (f) of this Part, no person shall *** (b) Operate a solid waste management facility, except in accordance with a valid operation permit issued to such person by the department pursuant to this Part.”
It is not in dispute that respondent Applied is currently operating the solid waste management facility and that such is being done without a permit. Clearly, Applied comes within the purview of this rule, and while the Environmental Conservation Law itself is not being violated, respondent DEC violated its own rules and regulations in entering into this consent order.
Accordingly, the consent order dated February 11, 1981 entered into by respondent DEC and Applied is hereby annulled, and the petition is granted.
The court would note in passing that this proceeding may well be moot since respondent DEC contends that it is in the process of directing or has directed Applied to terminate all operations.